UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>                Plaintiff,<br><br>        v.<br><br>SERGEANT SMITH, et al.,,<br><br>                Defendants. | No. 2: 22-cv-1472 KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

For the reasons stated herein, plaintiff is ordered to show cause within thirty days why this action should not be dismissed for his failure to exhaust administrative remedies.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under...any other Federal law...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

In the complaint, plaintiff checked the box indicating that the administrative grievance process was complete with the following caveat:

> A full [and] thorough investigation is going on as of right now & I feel like this issue is very serious enough to bring to the Honorable Court's attention due to always a delay in the appeals process here at High Desert State Prison.

(ECF No. 1 at 3.)

Attached to the complaint is a first level grievance, no. 291332, signed by plaintiff on August 11, 2022, raising the claims raised in the instant action. (Id. at 16-17.) Also attached to the complaint is a document titled "Claimant Grievance Receipt Acknowledgment," addressing grievance no. 291332. (Id. at 19.) This form states that the California Department of Corrections

1. and Rehabilitation Office of Grievances at High Desert State Prison received plaintiff's grievance on August 11, 2022. (Id.) Plaintiff's grievance was assigned for review and response. (Id.) The form states that pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than October 11, 2022. (Id.)

Plaintiff's complaint demonstrates that plaintiff did not complete the administrative grievance process regarding the claims raised in the instant action. Thus, it is clear on the face of the complaint that plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, plaintiff shall show cause within thirty days of the date of this order why this action should not be dismissed for his failure to exhaust administrative remedies. In the alternative, plaintiff may file a notice of voluntary dismissal. Failure to comply with this order will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed for his failure to exhaust administrative remedies; in the alternative, plaintiff may file a notice of voluntary dismissal; failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 24, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gr1472.osc