UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN, | No. 2: 22-cv-1472 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SERGEANT SMITH, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2022, the undersigned granted plaintiff thirty days to show cause why this action should not be dismissed for his failure to exhaust administrative remedies. (ECF No. 6.) Thirty days passed and plaintiff did not respond to the August 25, 2022 order. Accordingly, for the reasons stated herein, the undersigned recommends that this action be dismissed for plaintiff's failure to exhaust administrative remedies.

    Plaintiff alleges that he was falsely charged with a prison disciplinary for failing to attend his job assignment/school. Plaintiff alleges that he was denied due process during the related disciplinary proceedings.

    The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under...any other Federal law...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

1

1    U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory and "unexhausted claims

2    cannot be brought in court."  Jones v. Bock, 549 U.S. 199, 211 (citation omitted).  The exhaustion

3    requirement applies to all inmate suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532

4    (2002), regardless of the relief sought by the prisoner or offered by the administrative process,

5    Booth v. Churner, 532 U.S. 731, 741 (2001).  Inmates are required to "complete the

6    administrative review process in accordance with the applicable procedural rules, including

7    deadlines, as a precondition to bringing suit in federal court."  Woodford v. Ngo, 548 U.S. 81, 88,

8    93 (2006).  Generally, failure to exhaust is an affirmative defense that the defendant must plead

9    and prove.  Jones, 549 U.S. at 204, 216.  However, courts may dismiss a claim if failure to

10   exhaust is clear on the face of the complaint.  See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.

11   2014).

12          In the complaint, plaintiff checked the box indicating that the administrative grievance

13   process was complete with the following caveat:

14          A full [and] thorough investigation is going on as of right now & I
            feel like this issue is very serious enough to bring to the Honorable
15          Court's attention due to always a delay in the appeals process here at
            High Desert State Prison.
16

17   (ECF No. 1 at 3.)

18          Attached to the complaint is a first level grievance, no. 291332, signed by plaintiff on

19   August 11, 2022, raising the claims raised in the instant action.  (Id. at 16-17.)  Also attached to

20   the complaint is a document titled "Claimant Grievance Receipt Acknowledgment," addressing

21   grievance no. 291332.  (Id. at 19.)  This form states that the California Department of Corrections

22   and Rehabilitation Office of Grievances at High Desert State Prison received plaintiff's grievance

23   on August 11, 2022.  (Id.)  Plaintiff's grievance was assigned for review and response.  (Id.)  The

24   form states that pursuant to California Code of Regulations, title 15, the Office of Grievances will

25   complete its review no later than October 11, 2022.  (Id.)

26          Plaintiff's complaint demonstrates that plaintiff did not complete the administrative

27   grievance process regarding the claims raised in the instant action prior to filing this action.

28   Thus, it is clear on the face of the complaint that plaintiff failed to exhaust administrative

remedies prior to filing suit.  Accordingly, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 6, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Green1472.56

3